IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TINA MARIE BARBER | ) |
| | ) |
| v. | ) No. 1:20-0064 |
| | ) |
| KILOLO KIJAKAZI[1] | ) |
| Commissioner of Social Security | ) |

**To:** The Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under Titles II and XVI, respectively, of the Social Security Act. The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 26), to which Defendant has filed a response. (Docket No. 28.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. (Docket No. 4.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 26) be **DENIED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for former Commissioner Andrew Saul as the defendant in this lawsuit.

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on May 14, 2018. (*See* Transcript of the Administrative Record (Docket No. 24) at 78-79).[2] She alleged that she was unable to work, as of the alleged disability onset date of August 28, 2017, because of blackout spells, dizzy spells, migraines, fibromyalgia, walking problems, and memory problems. (AR 126.) The applications were denied initially and upon reconsideration. (AR 78-79, 114-15.) Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared and testified at a hearing before ALJ Marty S. Turner on November 6, 2019. (AR 39.) The ALJ denied the claim on December 11, 2019. (AR 18-20.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 27, 2020 (AR 1-4), thereby making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed the instant action, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ's unfavorable decision included the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2022.

2. The claimant has not engaged in substantial gainful activity since August 28, 2017, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: post-concussive syndrome; adjustment disorder; and migraines (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

2

5. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she is limited to: no exposure to workplace hazards such as unprotected heights and dangerous machinery; understand, remember, and carry out simple and low-level detailed work instructions (no complex or executive work); occasional interaction with the general public, coworkers, and supervisors; and occasional changes in the work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 19, 1968 and was 49 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 28, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(AR 23-31.)

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

# IV. DISCUSSION AND CONCLUSIONS OF LAW

## A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020) (internal citations omitted). If substantial evidence supports the ALJ's decision, that decision will be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, the ALJ's decision must be affirmed if his or her "findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id.* First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.* Second, the claimant is not disabled if she does not have a severe medically determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if she suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on her residual functional capacity ("RFC"), she can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work

4

based on her RFC, age, education, and work experience, she is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019) (citing *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991)). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (citing *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

### B. The ALJ's Five -Step Evaluation of Plaintiff

In the instant case, the ALJ resolved Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that Plaintiff's RFC allowed her to perform medium work with express limitations to account for her severe impairments, and that considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (AR 23-31.)

### C. Plaintiff's Assertions of Error

Plaintiff presents two assertions of error: (1) that the ALJ failed to properly evaluate the opinions provided by her treating neurologist and state agency physicians; and (2) that the ALJ failed to properly evaluate the consistency of Plaintiff's subjective allegations with the medical

5

evidence of record. (Docket No. 27 at 8.) Plaintiff therefore requests that the Commissioner's decision be reversed and benefits awarded, or, alternatively, reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration. (*Id*. at 16.)

Sentence four of 42 U.S.C. § 405(g) states the following:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court addresses Plaintiff's assertions of error as follows.

**1. Opinion Evidence.**

The primary argument underlying Plaintiff's first assertion of error is that the ALJ improperly weighed the opinion of her treating neurologist, Dr. Louise Ledbetter. In this opinion, which was issued on October 19, 2019, as a two-page form medical source statement ("MSS"), Dr. Ledbetter asserts that Plaintiff is incapable of "performing work activity at any exertional level for 8 hours per day/40 hours per week on an ongoing basis." (AR 747.) Dr. Ledbetter also opines that Plaintiff is limited to: "frequent" performance of certain physical activities that include handling, fingering, and gripping; "occasional" performance of reaching and/or pushing/pulling,

6

bending, and climbing; and is entirely unable to work at heights or around moving machinery. (AR 748.)[3] Dr. Ledbetter further concludes that Plaintiff would require the use of an ambulatory device as part of any job, and that she would need a 15-minute break for every hour of work performed. (AR 748.) The ALJ determined that the opinion was not persuasive because it is "largely conclusory and not consistent with the record and appears [to be] primarily based on the claimant's subjective reports." (AR 29.)

An ALJ's analysis of medical opinions issued in connection with applications for disability filed after March 27, 2017, such as the current one, is governed by 20 C.F.R. § 404.1520c.[4] The regulation makes clear that the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *Id.* § 404.1520c(a). The ALJ is instead directed to consider the "persuasiveness" of the medical opinions based on five categories that include supportability, consistency, the provider's relationship with the claimant, the provider's specialization, and other factors such as familiarity with the disability program's policies and evidentiary requirements. *Id.* § 404.1520c(a)-(c). The two most important factors in the ALJ's evaluation are supportability and consistency. *Id.* § 404.1520c(a).

Plaintiff essentially argues that the ALJ committed reversible error by failing to provide specific evidence in support of his assessment of the treating physician's MSS. The Court disagrees. First, Defendant correctly notes that Dr. Ledbetter's assertion that Plaintiff "is not capable of performing work activity at any exertional level" (AR 747) does not appear to require any analysis by the ALJ given that the new regulations characterize such statements as "inherently

---

[3] The form containing this opinion defines "occasionally" as "1/3 of an 8 hour day or about 2.5 hours," and "frequently" as "2/3 of an 8 hour day or between 5 and 5.5 hours." (AR 748.)

[4] The corresponding regulation for SSI applications is contained in 20 C.F.R. § 416.920c. For ease of reference, the Court will refer only to the relevant DIB regulatory language.

7

neither valuable nor persuasive to the issue of whether you are disabled." 20 C.F.R. § 404.1520b(c)(3)(i). Here, the ALJ appropriately noted that the MSS is conclusory because it provides nothing to support Dr. Ledbetter's conclusion that Plaintiff is unable to perform work at any exertional level.

Indeed, the MSS fails to even identify the impairments that allegedly give rise to a finding of total incapacity, let alone describe any associated physical or mental limitations or offer any medical evidence to support the severity of the recommended restrictions contained therein. Even under the pre-March 27, 2017, regulations—which calls for a more stringent level of scrutiny requiring the ALJ to delineate "good reasons" for rejecting a treating provider's opinion[5]—such a bare-bones medical opinion does not give rise to a finding of reversible error. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."). Accordingly, even assuming the ALJ erred in his evaluation of the MSS, any such error would be harmless and thus preclude reversal of the Commissioner's decision. *See Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017) (noting that medical opinions that provide "no supporting findings or records and consist largely of one word answers, circles, and check-marks" represent "weak evidence at best that meets the patently deficient standard") (citing *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016)) (cleaned up).

Second, the ALJ did in fact discuss evidence in the administrative record that contradicts Dr. Ledbetter's findings. The ALJ appropriately noted that objective findings from imaging studies of Plaintiff's brain and physical examinations were consistently normal (AR 26-27), which weighs

---

[5] 20 C.F.R. §404.1527(c)(2).

against the conclusions set forth in MSS. *Morrison v. Comm'r of Soc. Sec.*, No. 16-1360, 2017 WL 4278378, at *4 (6th Cir. Jan. 30, 2017). The ALJ also highlighted the conservative nature of the treatment advocated by her providers (AR 27), which "suggests the absence of a disabling condition." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 678 (6th Cir. 2013). Moreover, the ALJ discussed how Plaintiff's reported daily activities exceed the limitations imposed by the RFC assignment, which similarly bolsters the ALJ's determination. *See Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) (affirming ALJ's decision to discount treating physician's assessment based in part on evidence that claimant "was able to engage in significant daily activities"). Plaintiff does not address such discussions, nor does she dispute the ALJ's determination that the MSS was improperly based on Plaintiff's subjective complaints, which further undermines Dr. Ledbetter's opinion. *See Schweihofer v. Comm'r of Soc. Sec.*, No. 17-14222, 2019 WL 1339611, at *6 (E.D. Mich. Feb. 22, 2019), *report and recommendation adopted*, 2019 WL 1327186 (E.D. Mich. Mar. 25, 2019) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion.") (quoting *Morris v. Barnhart*, 78 F. App'x 820, 824 (3d Cir. 2003)). Because Plaintiff points to no evidence to refute the ALJ's conclusion, as is her burden on appeal, *Dennis v. Soc. Sec. Admin.*, No. 3:14-1537, 2015 WL 5511478, at *9 (M.D. Tenn. Sept. 16, 2015), *report and recommendation adopted*, 2015 WL 5836044 (M.D. Tenn. Oct. 6, 2015), the Court finds no error in the ALJ's analysis of the MSS.

Plaintiff additionally contends that the ALJ engaged in "circular reasoning" with respect to his evaluation of opinions provided by consultative psychological examiner Jerry Campbell and non-examining state agency psychologist Robert Paul. (Docket No. 27 at 9-10.) The Court again disagrees. The ALJ found Dr. Campbell's opinion "persuasive" based on its consistency with the

9

findings from his examination, which revealed an ability to follow written and spoken instructions, logical and linear thought processes, adequate insight, and good judgment overall. (AR 27, 29, 555, 563.) The ALJ also referenced Dr. Campbell's notation that Plaintiff displayed behavior suggesting that she was exaggerating her symptoms (AR 27, 555), which, as discussed below, undermines the credibility of Plaintiff's allegations. Plaintiff does not reference these discussions in her brief, nor does she dispute Dr. Campbell's opinion in any way.

Plaintiff similarly fails to meaningfully challenge the ALJ's analysis of Dr. Paul's opinion—which the ALJ deemed only "partially persuasive" (AR 28)— instead faulting the ALJ for not discussing "specific aspects" of Plaintiff's treatment history, daily activities, or mental examination findings. (Docket No. 27 at 10.) As previously noted, however, the ALJ detailed such evidence (AR 26-28) despite not including the discussions within the narrow portion of the administrative opinion where he labeled Dr. Paul's opinion "partially persuasive." Plaintiff also faults the ALJ for failing to address Dr. Paul's statement that the medical opinion of Dr. Campbell "is only somewhat persuasive as it understates limitations in one or more areas" (AR 88), although it is unclear how this broad assertion impacts the ultimate disability decision given that Dr. Campbell provided a relatively general assessment of Plaintiff's condition:

> [Plaintiff] shows evidence of a moderate impairment in her social relating. She appears to be moderately impaired in her ability to adapt to change. She appears able to follow instructions, both written and spoken. She appears to have had a relatively stable work history. She appears able to handle finances.

(AR 568.) Such an opinion "fails to give specifics as to what actual limitations were imposed on the claimant's functional ability," *Carney v. Colvin*, No. 3:12-cv-0744, 2015 WL 5089783, at *8 (M.D. Tenn. Aug. 17, 2015) (cleaned up), and thus is of limited use in accurately describing Plaintiff's functioning. More importantly, Plaintiff fails to explain how the superficial designations given to the opinions of Drs. Paul and Campbell are incompatible with the functional limitations

10

posed by the ALJ to the vocational expert during the administrative hearing (AR 52-55) and included in the ultimate RFC formulation, which dooms her argument. *See Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008) (affirming ALJ's non-disability finding because "the conclusion drawn by the ALJ from the vocational expert's answers … is not inconsistent with [the non-examining physician's] opinion regarding plaintiff's functional limitations and is supported by substantial evidence"). Accordingly, to the extent that the ALJ erred by failing to reconcile any minor discrepancy between the opinions provided by Dr. Paul and Dr. Campbell, such error is harmless and does not warrant reversal of the Commissioner's decision.

**2. Plaintiff's Subjective Statements.**

Plaintiff next argues that the ALJ failed to "properly consider" her statements regarding the severity of her symptoms. (Docket No. 27 at 12.) This argument invokes Social Security Ruling ("SSR") 16-3p, which requires the ALJ to consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). The ALJ's evaluation is based on seven factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the alleged pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant uses; (5) the claimant's non-medication treatment; (6) any measures other than treatment the claimant employs to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7-8 (citing 20 C.F.R. § 404.1529(c)(3)).

The forerunner of SSR 16-3p, SSR 96-7p, called for the ALJ to make a "credibility" determination based on the claimant's statements about the limiting effects of her alleged

11

symptoms. 1996 WL 374186, at *3 (July 2, 1996). Although the Commissioner removed the term "credibility" in its implementation of SSR 16-3p, there appears to be no substantive change in the ALJ's analysis and nothing to indicate that case law pertaining to credibility evaluations under SSR 96-7p has been abrogated. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" to "clarify that subjective symptom evaluation is not an examination of an individual's character"). Reviewing courts thus still accord "great weight and deference" to an ALJ's determination regarding the consistency of a claimant's allegations, *Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011), and claimants seeking to overturn the ALJ's decision continue to "face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).

Here, the ALJ concluded that Plaintiff's allegations as to the limiting effects of her impairments were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 26.) The Court finds that this determination is supported by substantial evidence. Among other reasons, the ALJ provided the following valid justification for not fully adopting Plaintiff's allegations:

> The evidence also reflects inconsistencies between the claimant's allegations, testimony, and the record. Although the claimant complains of decreased attention and focus, she maintained adequate attention, concentration, persistence, and pace throughout her hearing and application process. The claimant alleges her impairments have forced her to give up things she enjoys and participating in activities as she did prior to the onset of her impairments. However, there is very little evidence in the record suggesting a medical reason for the claimant to cease those activities. The claimant also engages in some daily activities that exceed or fall within the parameters described in the residual functional capacity. Specifically, the claimant maintains her own hygiene, cleans, and spends time with family. Additionally, the claimant drives and had a boyfriend.

(AR 28.) Plaintiff asserts that the ALJ failed to adequately discuss the "extent and quality" of her daily activities (Docket No. 27 at 15), which can give rise to reversible error when an ALJ

12

"mischaracterizes [a claimant's] testimony regarding the scope of her daily activities, [and] also fails to examine the physical effects coextensive with their performance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). Yet Plaintiff identifies no evidence suggesting that the ALJ engaged in this type of distorted analysis, which is a critical omission given that the regulation provides wide latitude for an ALJ evaluating the severity of a claimant's symptoms. *See* 20 C.F.R. § 404.1529(c)(3) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled."); *see also Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("[T]he ALJ did not give undue consideration to [the claimant's] ability to perform day-to-day activities. Rather, the ALJ properly considered this ability as one factor in determining whether Temples' testimony was credible.").

Plaintiff also challenges the ALJ's statement that she "maintained adequate attention, concentration, persistence, and pace throughout her hearing and application process" by arguing, with citation to the Sixth Circuit's decision in *Martin v. Sec'y of Health & Human Servs.*, that such an observation represents an impermissible "sit and squirm test." (Docket No. 27 at 15.) But this is a misconstruction of Sixth Circuit precedent, as *Martin* holds only that an ALJ may not rely *exclusively* on observations of a claimant made during an administrative hearing as part of a credibility determination. *See* 735 F.2d 1008, 1010 (6th Cir. 1984) ("While we recognize that observation and credibility are factors in this complicated equation, and as such are material, relevant, and admissible, we cannot allow the dismissal of a claim for pain solely on the ALJ's observations at the hearing.") (quoting *Weaver v. Sec'y of Health & Human Servs.*, 772 F.2d 310, 312 (6th Cir. 1983)). Because the ALJ was permitted to consider Plaintiff's conduct during the

13

Case 1:20-cv-00064 Document 29 Filed 01/24/22 Page 13 of 16 PageID #: 886

hearing, *see Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 223 (6th Cir. 2010) (noting that an ALJ's credibility finding is accorded "great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying"), and because the ALJ clearly provided other reasons for his adverse finding, Plaintiff's argument is unavailing.

Finally, Plaintiff argues that the ALJ erred by emphasizing that objective imaging studies of Plaintiff's brain were normal, and that Plaintiff consistently received conservative treatment for her condition. (AR 26-27.) The Court first notes that both observations are appropriate considerations in a disability context. *See Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016) (affirming ALJ's non-disability finding for a claimant based in part on "unremarkable brain MRAs in 2003 and 2005, an unremarkable MRI in 2007, and normal CT scans of the head in 2005")*; see Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1000 (6th Cir. 2011) (affirming ALJ's rejection of provider's opinion based on the "lack of objective findings supporting the provider's assessment and the claimant's conservative treatment history") (cleaned up). Plaintiff's suggestion that the ALJ erred by failing to "point to[] any evidence that there is a remedy for the Plaintiff's diagnosed condition other than conservative treatment" (Docket No. 27 at 13) is thus immaterial and an improper attempt to shift the burden of proof. *See Reed v. Colvin*, No. 13-54-GFVT, 2014 WL 318569, at *4 (E.D. Ky. Jan. 29, 2014) ("Because plaintiff bears the burden on appeal to show that the administrative decision was erroneous, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence.") (internal citation omitted).

Even if the Court concluded that reliance on objective imaging studies and conservative treatment were somehow improper considerations, the ALJ cited other evidence in support of his

determination, including normal findings documented during in-person examinations. (AR 27, 358, 365, 383, 626-28, 714.) Dr. Campbell also noted in his report evidence that Plaintiff "could be exaggerating symptoms" (AR 555, 563), which similarly weighs against Plaintiff's argument. *See Powell v. Colvin*, No. 5:12-cv-0157, 2014 WL 689721, at *6 (W.D. Ky. Feb. 20, 2014) ("Tendency to exaggerate is a legitimate factor in determining credibility.") (citing *Tonapetyan v. Commissioner,* 242 F.3d 1144, 1148 (9th Cir. 2001)). And it bears emphasizing that the ALJ did not reject Plaintiff's assertions outright, instead concluding that they were "not entirely consistent" with the objective evidence contained in the record. (AR 28.) Given the particularly deferential standard at issue, *see Hernandez.*, 644 F. App'x at 476 (noting that ALJ's credibility finding is "essentially unchallengeable"), and based on the previous discussion, the Court rejects this assertion of error.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 26) be DENIED and the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004)

(en banc). Any responses to objections to this Report and Recommendation must be filed within 14 days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge