IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TINA MARIE BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:20-cv-00064 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| COMMISSIONER OF SOCIAL ) | MAGISTRATE JUDGE HOLMES |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Tina Marie Barber brings this action under 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's ("SSA") denial of her application for disability insurance benefits and supplemental security income. On January 24, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 29), recommending Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 26) be denied. Plaintiff filed objections to the Report and Recommendation (Doc. No. 30), to which the Commissioner responded (Doc. No. 31).

**I.     STANDARD OF REVIEW**

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole

1

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision of the ALJ is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id*. (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).

## II.     PROCEDURAL HISTORY

Plaintiff Tina Marie Barber filed an application for Supplemental Security Income on May 18, 2018, alleging that she had been disabled since August 28, 2017, due to blackout spells, dizzy spells, migraines, fibromyalgia, walking problems, and memory problems. (*See* Administrative

Record, Doc. No. 24 at 78-79, 126).[1] Plaintiff's application was denied initially and upon reconsideration. (AR 78-79, 114-15). Plaintiff subsequently requested and received a hearing before an administrative law judge ("ALJ"). (AR 18-20). The hearing was held on November 6, 2019, and the ALJ issued an unfavorable decision on December 11, 2019. (*Id*.). On August 27, 2020, the Appeals Council denied Plaintiff's request for review. (AR 1-4). Plaintiff then filed the instant action seeking judicial review of the Commissioner's final decision. Plaintiff's Motion for Judgment on the Administrative Record was referred to the Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b). (Doc. No. 4).

The Magistrate Judge considered Plaintiff's assertions of error that the ALJ failed to properly consider the opinion evidence from the Plaintiff's treating neurologist and the state agency physicians and improperly found Plaintiff's statements about her limitations were inconsistent with other evidence in the record. (*See* R&R, Doc. No. 29). The Magistrate Judge concluded that the ALJ did not commit reversible error and recommended the Court deny Plaintiff's Motion for Judgment on the Administrative Record. (*Id*. at 15). Plaintiff objects to the Magistrate Judge's recommendation. (Doc. No. 30).

With regard to consideration of Plaintiff's own statements regarding the severity of her symptoms, the Magistrate Judge found that the ALJ's determination that Plaintiff's statements concerning the limiting effects of her impairments were "not entirely consistent with the medical evidence and other evidence in the record" was supported by substantial evidence. (*Id*. at 11-15). The Magistrate Judge noted that the ALJ did not rely exclusively on any one factor and specifically cited a number of reasons for his assessment of Plaintiff's statements, including: Plaintiff's demeanor during the hearing, her ability to engage in daily activities, the objective medical

---

[1] For ease of reference, the Administrative Record (Doc. No. 24) is cited as "AR" following by the corresponding page number.

evidence (imaging studies of her brain), conservative treatment, and that one of the examining psychologists noted in his report evidence that Plaintiff "could be exaggerating symptoms." (*Id*.).

### III. ANALYSIS

#### A. Opinion Evidence

Plaintiff argues the ALJ failed to properly analyze opinion evidence from the Plaintiff's treating neurologist, Louise Ledbetter, consultative psychological examiner Jerry Campbell, and non-examining state agency psychologist Robert Paul because he failed to adequately explain his evaluation of their opinions, particularly the supportability and consistency factors. (Doc. No. 27 at 8-12).

Plaintiff argues that the ALJ's statement that Dr. Ledbetter's opinion is "largely conclusory and not consistent with the record and appears primarily based on the claimant's subjective reports" does not provide sufficient explanation for his rejection of the opinion. Plaintiff concedes that certain aspects of Dr. Ledbetter's opinion are conclusory, but contends the ALJ's lack of specificity in the explanation of the weight given to Dr. Ledbetter's opinion does not provide the Court with sufficient basis to review the decision and is grounds for reversal. She offers similar objections to the ALJ's consideration of the opinions of the state agency physicians, Jerry Campbell and Robert Paul, arguing that the ALJ failed to adequately discuss the supportability and consistency of their opinions.

The applicable regulations direct an administrative law judge to analyze the persuasiveness of medical opinions by considering the following factors: (1) supportability, (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion." 20 C.F.R. § 404.1520c(c). The administrative law judge must

4

explain how he considered the two most important factors – supportability and consistency – but is not required to articulate how he considered the other factors. 20 C.F.R. § 404.1520c(a), (b)(2).

Supportability generally "relates to the extent to which a medical source has articulated support for the medical source's own opinion." *Vaughn v. Comm'r of Soc. Sec.*, No. 20-cv-1119-TMP, 2021 WL 3056108, at * 7 (E.D. Tenn. Jul. 20, 2021) (citing *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021)). The Regulations explain that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)...the more persuasive the medical opinions...will be." 20 C.F.R. § 416.920c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s)...is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)...." 20 C.F.R. § 416.920c(c)(2).

The Magistrate Judge concluded that the ALJ adequately considered the opinion of Plaintiff's treating neurologist, Dr. Louise Ledbetter, and others. (*Id*. at 6-11). The Magistrate Judge added that even if the ALJ did not provide a fulsome explanation of his rejection of the neurologist's opinion, such a "bare-bones," "conclusory" medical opinion does not give rise to reversible error. (*Id*. at 8). The Magistrate Judge also found that the ALJ offered adequate explanation for his evaluation of the opinions provided by consultative psychological examiner Jerry Campbell and non-examining state agency psychologist Robert Paul. (*Id*. at 9-11). The Magistrate Judge noted that Plaintiff did not show how the ALJ's conclusions regarding Plaintiff's residual functional capacity were inconsistent with opinion evidence from Campbell and Paul and that any error in failing to reconcile minor discrepancies between their opinions is harmless error. (*Id*.).

5

With regard to the ALJ evaluation of Dr. Ledbetter's opinion, Plaintiff asserts that the Magistrate Judge impermissibly supplied a *post-hoc* explanation for the ALJ's finding that Dr. Ledbetter's medical source statement was not persuasive. She contends the Magistrate Judge rejected her assertion of error based on the misperception that she is relying on the portion of Dr. Ledbetter's opinion that she is "not capable of performing work at any level," a portion of the opinion Plaintiff concedes is, in fact, conclusory. (*Id*. at 1). She argues that Dr. Ledbetter's opinion also contains specific work-related limitations that the vocational expert testified would preclude public work and that the ALJ did not provide sufficient explanation for finding Dr. Ledbetter's opinion unpersuasive.

Plaintiff's objections are not well taken. A review of the ALJ's opinion shows that the ALJ's conclusion that Dr. Ledbetter's opinion was "not persuasive" was reasoned and supported by substantial evidence. Following lengthy discussion of Plaintiff's medical history, treatment, and allegations of impairment, in the section specifically evaluating medical opinion evidence, the ALJ explained that he found Dr. Ledbetter's opinion "not persuasive" because "it offers very little explanation or rationale as to why she marked the form in the manner she did" and the opinion "is largely conclusory and not consistent with the record and appears primarily based on the claimant's subjective reports." (AR 29). This explanation speaks to both the supportability and the consistency factors, and in the context of the opinion as a whole, provides sufficient explanation for the ALJ's determination. As noted by the Magistrate Judge, the ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." (Doc. No. 29 at 8 (citing *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 441 (6th Cir. 2010))).

A review of Dr. Ledbetter's medical source statement shows that the ALJ assertion that the opinion is "largely conclusory" and "offers very little explanation or rationale" is well founded. Dr. Ledbetter's medical source statement is two pages, consisting almost entirely of checked boxes. (AR 747). She checked one box indicating that Plaintiff is "not capable of performing work activity at any exertional level for 8 hours per day / 40 hours per week on an ongoing basis." (*Id.*). She also checked a series of boxes indicating that Plaintiff could perform the following activities between 5 and 5.5 hours of an 8-hour shift, *i.e.*, "frequently": handling, fingering, forceful or repetitive gripping, stooping, crouching, kneeling, seeing, hearing, speaking, and tolerating heat, cold, wetness, or humidity. She further opined, via more checked boxes, that Plaintiff could perform the following activities for 2.5 hours of an eight-hour shift, *i.e.*, "occasionally": reaching and/or pushing/pulling, bending, climbing, and tolerating exposure to dust, fumes, and smoke. (AR 748). She checked a box indicating that Plaintiff would likely miss more than three days a month due to her medical condition, and in the only narrative response, wrote that Plaintiff would require 15-minute breaks for every one hour worked. (*Id.*). Although her patient files are also part of the record, the medical source statement does not explain the reasons for these limitations. (*Id*. 747-48).

The only support Plaintiff identifies for these restrictions is Dr. Ledbetter's note that Plaintiff "has chronic refractory migraines at least 4 hours per day, at least 15 days per month, for at least 4 months." (Doc. No. 30 at 2 (citing AR 609)). The ALJ, however, explained that one of the reasons he discounted Dr. Ledbetter's opinion is that it "appears primarily based on the claimant's subjective reports" "concerning the intensity, persistence and limiting effects" of her symptoms which he found "not entirely consistent with the medical evidence and other evidence in the record." (AR 26, 29). While these findings are not in the portion of the opinion dealing

7

specifically with Dr. Ledbetter, they are thoroughly explained elsewhere in the opinion. (AR 26, 29).

To be sure, the ALJ could have connected the dots to explain that because Dr. Ledbetter's opinion was based primarily on Plaintiff's subjective reports, and because he found Plaintiff's statements regarding the intensity and persistence of her symptoms was not supported by medical evidence and other evidence in the record (as thoroughly articulated elsewhere in the opinion), he found Dr. Ledbetter's opinion unpersuasive. Even absent this fulsome explanation, however, the Court finds the ALJ adequately explained his assessment of the supportability and consistency factors.

With regard to the ALJ's consideration of the state agency physicians, Drs. Campbell and Paul, the Court also finds the ALJ sufficiently explained the supportability and consistency factors. As discussed by the Magistrate Judge, the ALJ discussed Dr. Campbell's examination of Plaintiff in which he noted that although Plaintiff complained of a number of impairments, her subjective complaints were inconsistent with his objective observations during the examination which revealed an ability to follow written and spoken instructions, logical and linear thought process, and overall good judgment. (AR 27). After discussing Dr. Campbell's findings, the ALJ concluded that his opinion was both supported by the objective record and consistent with the residual functional capacity discussed earlier in the opinion. (AR 29).

The ALJ's discussion of Dr. Paul's opinion, which the ALJ found partially persuasive, is less fulsome, but nevertheless adequate when considering the opinion as a whole. The ALJ notes that Dr. Paul's opinion is based on "the claimant's treatment history, success with daily activities, and performance on the mental status exam," which addresses the supportability factor. (AR 28). With regard to consistency, as with Dr. Campbell, the ALJ noted that Dr. Paul's opinion was

generally consistent with the residual functional capacity, which was discussed earlier in the opinion. (*Id.*).

Plaintiff's argument that the ALJ employed "circular reasoning" with regard to the consistency factor is not well taken. Considering the opinion as a whole, in which the ALJ discussed his analysis of Plaintiff's residual functional capacity at length (notably including a discussion of Dr. Campbell's findings), the reference to consistency with residual functional capacity relates the ALJ's detailed discussion of the intensity, persistence, and limitations of Plaintiff's impairments in the same section of the opinion. (*See* AR 25-27).

The Court finds that the ALJ did not err in his consideration of the opinions of Drs. Ledbetter, Campbell, and Paul. The ALJ adequately explained the supportability and consistency of the opinions as required by the regulations and his determinations are supported by substantial evidence.

**B. Subjective Statements**

The ALJ must consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and the other evidence." *See* Social Security Ruling 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017); *see also* 20 C.F.R. § 404.1529(c)(3) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled."). The applicable regulation gives wide latitude to the ALJ's evaluation of a claimant's statements regarding the limiting effects of her impairment. *See Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011) (according

9

Case 1:20-cv-00064    Document 32    Filed 03/22/22    Page 9 of 13 PageID #: 912

"great weight and deference" to an ALJ's determination regarding the consistency of a claimant's allegations).

To evaluate the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ uses evidence from the individual, medical sources, and non-medical sources and considers the following factors: (1) daily activities, (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication; (5) treatment other than medication; (6) measures other than medication an individual uses to relive symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7-8. The Plaintiff's subjective complaints are one of many factors the ALJ must consider when making a determination regarding a claimant's residual functional capacity and ability to work. *See* 20 C.F.R. § 404.1545(a)(3).

The ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 26). The ALJ noted that the "claimant's allegations are not supported by the objective medical evidence and are inconsistent with her admitted daily activities." (*Id*.).

The ALJ thoroughly explained the basis for this conclusion. Specifically, he found Plaintiff's claims that she cannot perform household responsibilities or participate in social activities and spends most of her day resting at home were not supported by medical evidence and were somewhat inconsistent with her engaging in daily activities such as cleaning, preparing meals, doing laundry, caring for pets, spending time with family, driving, and having a boyfriend. (AR 24, 28). He noted that the record "reveals essentially routine and conservative health

10

treatment" and that her presentation is "undermined by objective findings" in multiple diagnostic tests, all of which were "normal." In addition, her medical providers routinely noted that she was "alert, oriented, and no acute distress" (AR 27). The ALJ also considered that although Plaintiff alleges that sadness, obsessive thoughts, anxiety, and fatigue hinder her ability to complete tasks, she did not seek treatment with a mental health specialist until requested to do so by the Social Security Administration. (AR 26-27). One of her medical providers, Dr. Campbell, thought she "could be exaggerating her symptoms." (*Id*.).

Plaintiff asserts that the ALJ improperly discredited her statements regarding the intensity, persistence, and limiting effects of her impairment, essentially arguing that none of the evidence considered by the ALJ called for a determination that her statements are not credible. The Magistrate Judge disagreed, concluding that all of these factors were properly considered, adequately explained, and the ALJ's determination that Plaintiff's statements were "not entirely consistent with medical evidence and other evidence in the record" was itself supported by substantial evidence.

In her objections to the Magistrate Judge's recommendation, Plaintiff takes issue with two specific factors considered by the ALJ as justification for discounting her testimony concerning the intensity and persistence of her symptoms. First, she argues that the ALJ improperly considered her reported daily activities; second, that he inappropriately concluded from the normal diagnostic tests and conservative treatment that she is overstating the severity of her symptoms. (Doc. No. 30 at 4-5).

With regard to the ALJ's consideration of her reported daily activities, Plaintiff's argument that consideration of her daily activities was the ALJ's "only" basis for discounting her statements is patently belied by the record. (*See* Doc. No. 30 at 5). As discussed above, the ALJ cited a

11

Case 1:20-cv-00064 Document 32 Filed 03/22/22 Page 11 of 13 PageID #: 914

plethora of reasons her statements were "not entirely consistent with the medical evidence and other evidence in the record."

Plaintiff also argues that the ALJ failed to discuss the quality and sustainability of her daily activities. (*Id.* (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) and *Cohen v. Sec. of HHS*, 964 F.2d 524, 530-31 (6th Cir. 1992))). This argument is misplaced. As stated by the Magistrate Judge, Plaintiff does not allege the ALJ mischaracterized the scope or physical effects of her daily activities. (Doc. No. 29 at 13 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 1997))). Nor does the ALJ cite these activities as demonstrating Plaintiff's ability to perform a certain type of work. Here, the ALJ considered Plaintiff's daily activities to show inconsistencies between the allegations and the record. This is entirely appropriate and, in fact, required by the Regulations. *See* 20 C.F.R. § 404.1529(c)(3); *Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) (The ALJ properly considered the plaintiff's ability to perform day-to-day activities as "one factor in determining whether [her] testimony was credible.").

With regard to Plaintiff's argument that the ALJ improperly considered the conservative nature of Plainitff's treatment or the results of multiple diagnostic tests, all of which were "normal," the Court disagrees. These are both appropriate considerations for evaluating a claimant's statements. *See* 20 C.F.R. § 404.1529(c) ("We consider all of the available evidence from your medical sources and nonmedical sources" and "We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings …"). Plaintiff's argument that the ALJ should have explained why he considered the conservative medical treatment and "normal" results of diagnostic testing to indicate inconsistency with

12

Plaintiff's asserted limitations is not well taken. The Court agrees with the Magistrate Judge that this would impermissibly shift the burden to the ALJ to establish that there were appropriate and effective medical treatments for impairments before considering the lack of treatment.

In summary, the Court finds the ALJ did not err in his evaluation of Plaintiff's subjective complaints.

## IV. CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Plaintiff's Objections are **OVERRULED** and the Report and Recommendation (Doc. No. 29) is **ADOPTED**. Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 27) is **DENIED** and the Commissioner's decision is **AFFIRMED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE